UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 25-1717(DSD/DTS)

Brandon Bryson,

    Plaintiff,

v.                                **ORDER**

Trans Union, LLC and
Transworld Systems, Inc.,

    Defendants.


This matter is before the court upon the motions to dismiss by defendants Trans Union, LLC and Transworld Systems, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motions are granted.

**BACKGROUND**

On May 8, 2025, pro se plaintiff Brandon Bryson filed an amended complaint alleging that defendants violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1682, et seq. Bryson presents vague and scant allegations in his amended complaint. See ECF No. 4, at 2. He claims that Trans Union reported "inaccurate, re-aged, and previously disputed accounts" on his credit report. Id. As to Transworld, Bryson alleges that it "reported false or misleading information regarding debt

allegedly owed, including outdated balances, misdated activity, and failure to verify debts upon dispute." Id.  He names several accounts but does not provide how the information with respect to those accounts were inaccurate or even when they were reported. See id.

Bryson contends that defendants failed to correct the data at issue despite his attempt to arbitrate the dispute.  Id.  In addition to psychological and emotional distress, Bryson states that he has been denied loans and credit, had his car repossessed, and was threatened with eviction due to defendants' misconduct. He seeks actual damages, statutory damages, punitive damages, and injunctive relief.  Defendants now move to dismiss.[1]

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

---

[1] After Trans Union filed its motion to dismiss, Bryson filed a second amended complaint without leave of court, in violation of Federal Rule of Civil Procedure 15(a)(2).  The proposed second amended complaint [ECF No. 27] therefore will be stricken.  Even if the court were to consider the second amended complaint, however, it would fail to meet pleading standards.

2

Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

**II.  Failure to State a Claim**

Defendants argue that Bryson has failed to state a claim under the FRCA or FDCPA because he has not pleaded any factual inaccuracies in his credit reports. The court agrees. To state such claims, Bryson must allege that (1) defendants failed to

follow reasonable procedures intended to assure the accuracy of their reports, (2) defendants reported inaccurate credit information about him, (3) he suffered harm and, (4) defendants' failure to follow reasonable procedures was the cause of his harm. See Paul v. Experian Info. Servs., Inc., 793 F. Supp. 2d 1098, 1101 (D. Minn. 2011). Bryson does not allege any of the required elements, save that he has been harmed. Given that, there is nothing for the court to assess or even construe in Bryson's favor. He has failed to plausibly allege any claims against defendants.

Because Bryson has submitted three complaints and several briefs - none of which come close to properly stating a legal claim against either defendant - the court dismisses the amended complaint with prejudice.

## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.   The motions to dismiss [ECF Nos. 21 and 31] are granted; and

2.   The second amended complaint [ECF No. 27] is stricken from the docket.

    3.    This case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 30, 2025        s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court