UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO.: 25-1717(DSD/DTS)

Brandon Bryson,

    Plaintiff,

v.                                         **ORDER**

Trans Union, LLC and
Transworld Systems, Inc.,

    Defendants.

This matter is before the court upon the motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) by plaintiff Brandon Bryson. Bryson argues he has crafted a third amended complaint that meets applicable pleading standards.

A motion to alter or amend judgment, pursuant to Rule 59(e), serves the limited function of "correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). Rule 59(e) does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment. Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). Nor can the rule be used to rehash arguments already made and lost. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). A motion under Rule 59 "is not intended to routinely give litigants

a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Ag., 838 F. Supp. 1346, 1348 (D. Minn. 1993).  The court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion."  Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir. 1987).

Bryson does not meet this standard.  He has shown no manifest errors of law or newly discovered facts in the court's dismissal of his case.  He essentially seeks a fourth bite at the apple, which the court will not allow.

Accordingly, **IT IS HEREBY ORDERED** that the motion to alter or amend the judgment [ECF No. 45] is denied.

Dated: October 27, 2025         s/David S. Doty
                                David S. Doty, Judge
                                United States District Court